[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDIJM OF DECISION
I
 PROCEDURAL HISTORY
The present case involves the administration of the Paul G. Garrity, Sr. Irrevocable Trust. The plaintiffs in this action are the current trustees Kevin S. Garrity, Paul G. Garrity, Jr., Sean R. Garrity, Paul Sterczala and the grantor Paul G. Garrity, Sr. The defendants in this action are the Indianapolis Life Insurance Company and its agents. The plaintiffs filed a complaint on October 28, 2002, alleging that the defendants wrongfully induced the plaintiffs to replace an insurance policy owned by the trust with a more expensive, less advantageous policy. An amended complaint was filed on December 9, 2002.
On February 14, 2003, the defendants filed a motion to strike counts one and five of the amended complaint on the grounds that the plaintiffs have failed to state a cognizable cause of action for which relief can be granted; and, contrary to established Connecticut law, have not asserted facts that would put the defendants on notice as to the issues to be tried. The plaintiffs filed a memorandum of law in opposition on February 26, 2003 in which they argue that the first and fifth counts sufficiently allege valid cognizable causes of action. Specifically. the plaintiffs claim that the first count sufficiently states a claim for innocent misrepresentation and the fifth count sufficiently states a claim that the defendants wrongfully refused to reinstate an insurance policy. Oral argument was heard on this matter by the court on March 3, 2003.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal CT Page 3101 sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintifff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." Constructors, Inc. v. Fusco Corp. , 231 Conn. 381,383 n. 2. 650 A.2d 153 (1994).
 Count One
In Connecticut, "[a] person is subject to liability for an innocent misrepresentation if in a sale, rental or exchange transaction with another, [he or she] makes a representation of material fact for the purpose of inducing the other to act or to refrain from acting in reliance upon it . . . even though it is not made fraudulently or negligently." (Internal quotation marks omitted.) Gibson v. Capano, 241 Conn. 725,730, 699 A.2d 68 (1997). The elements for a cause of action in innocent misrepresentation are "(1) a representation of material fact, (2) made for the purpose of inducing the purchase, (3) the representation is untrue, and (4) there is justifiable reliance by the plaintiff on the representation by the defendant and (5) damages. (Internal quotation marks omitted.) Matyas v. Minck, 37 Conn. App. 321, 333, 655 A.2d 1155
(1995).
In the present case, the plaintiffs have alleged that the defendants misrepresented material facts about the transaction into which they entered. Furthermore, the plaintiffs have alleged that the representations made by the defendants were untrue, that they justifiably relied upon the misrepresentations, and that they suffered damages as a result of such reliance. These allegations lay out a legally cognizable claim for innocent misrepresentation, and it is of no consequence that the term "innocent misrepresentation" is not specifically stated in the complaint. Therefore, defendants' motion to strike count one is denied.
 Count Five
At oral argument, counsel for the plaintiffs stated that count five alleges a claim for the breach of the implied covenant of good faith and fair dealing. "Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." CT Page 3102 (Internal quotation marks omitted.) Gaudio v. Griffin Health ServicesCorporation, 249 Conn. 523, 564, 733 A.2d 197 (1999). "Bad faith means more than mere negligence; it involves a dishonest purpose." (Emphasis in original; internal quotation marks omitted.) Id. "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.) Cadle Co. v. Ginsberg, 70 Conn. App. 748, 768,802 A.2d 137, cert. denied, 262 Conn. 905, 810 A.2d 271 (2002). Plaintiffs have made no allegations of bad faith, therefore, the motion to strike count five is granted.[1]
 III CONCLUSION
The plaintiffs' motion to strike is denied as to count one of the amended complaint and granted as to count five of the amended complaint.
 BY THE COURT Peter Emmett Wiese, Judge